

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-17-2008

# Young v. Levi

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4452

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Young v. Levi" (2008). *2008 Decisions*. Paper 85.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/85

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-110                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4452
_____

REGINALD YOUNG,

Appellant

v.

TROY LEVI, WARDEN, F.D.C. - PHILA.;
U.S. ATTORNEY GENERAL (ACTING); JOHN
CLARK, DIRECTOR, U.S. MARSHAL'S SERVICE

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 07-cv-04257)
District Judge:  Honorable R. Barclay Surrick

_____

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P.
10.6
January 25, 2008
Before:  MCKEE, RENDELL and SMITH, Circuit Judges

Opinion filed: December 17, 2008
_____

OPINION
_____

PER CURIAM

    Reginald Young appeals the District Court's dismissal of his § 2241 petition as

frivolous.  In August 2005, Young was indicted and charged with three counts of drug

trafficking.  In June 2006, after a three-day jury trial, Young was convicted on all counts.  He has not yet been sentenced.  On October 11, 2007, Young filed a petition pursuant to 28 U.S.C. § 2241.  He argued that his arrest, detention, and indictment were unlawful, and he was being held in violation of Due Process.  He argues that he was misled by his attorney into stipulating that some evidence that had been destroyed was four kilograms of narcotics.[1]  He also contends that the grand jury indictment was procedurally defective, and that the prosecution withheld exculpatory evidence.  The District Court dismissed the petition as frivolous.  Young filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291.  Summary action is appropriate if there is no substantial question presented in the appeal.  See Third Circuit LAR 27.4.  The District Court is not required to act on Young's pro se filings while he is represented by counsel. United States v. Essig, 10 F.3d 968, 973 (3d Cir. 1993).  Accordingly, we will summarily affirm the District Court's order.  See Third Circuit I.O.P. 10.6.  Young's motion to dismiss the appeal without prejudice is denied.

---

[1] In denying Young's motions for judgment of acquittal and for a new trial, the District Court noted that the drugs involved in Young's criminal case were not destroyed as had been originally thought.  Moreover, the District Court noted that Young's defense was that he was not involved in the drug transaction - not that the transfer of those drugs never occurred.